IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| MICHAEL S. HANN AND | § | |
| DARRYL L. THOMPSON, | § | |
| | § | |
|   Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 7:22-cv-00102-O |
| | § | |
| IMC WASTE DISPOSAL AND | § | |
| TYLER LEE COLEMAN, | § | |
| | § | |
|   Defendants. | § | |

## OPINION AND ORDER

Before the Court are Defendants' Motion to Dismiss (ECF No. 13), filed February 13, 2023, and Plaintiffs' Response (ECF No. 21), filed March 6, 2023. After reviewing the briefing, relevant law, and applicable facts, the Court finds that Defendants' Motion to Dismiss should be, and is, hereby **GRANTED in part** and **DENIED in part.**

### I.    Factual Background[1]

This lawsuit arises out of alleged negligence surrounding a vehicle collision. Plaintiffs Michael Hann and Darryl Thompson (collectively, "Plaintiffs") were traveling west on Archer City Highway, which is in Wichita County, Wichita Falls, Texas. At the same time, Defendant Tyler Coleman ("Coleman"), who was driving "Mack truck" owned by Defendant IMC Waste Disposal, Inc. ("IMC"), was turning left while making a southward exit out of a Walmart (which contained a stop sign) onto Archer City Highway. While making his turn,

---

[1] All facts are taken from Plaintiffs' Amended Complaint, assumed to be true, and viewed in the light most favorable to the Plaintiffs. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007); *See* Pls.' Am. Compl., ECF No. 8.

Coleman pulled out and collided with Plaintiffs' vehicle, causing Plaintiffs' vehicle to spin around and stop in the opposite lane on the highway.

As a result of the collision, Plaintiffs suffered various personal injuries from the accident. Hann had to be transported from the site of the collision by ambulance to a nearby emergency room where he received multiple diagnostic tests, had multiple body area complaints, and was later hospitalized for "two plus days, and has had ongoing treatment." Thompson also received injuries and had to go to the emergency room for treatment. Further, Hann's 2016 Ford F250 was totaled, requiring Hann to pay around $3,800.00 in rental car fees.

Plaintiffs filed this lawsuit on October 12, 2022, bringing claims of negligence against both Defendants.[2] Defendants filed a motion to dismiss on November 22, 2022.[3] Plaintiffs responded on December 12, 2022.[4] Defendants replied on December 22, 2022.[5] On December 12, 2022, Plaintiffs filed their Amended Complaint, thereby mooting Defendants' original motion to dismiss.[6]

Defendants filed the present Motion to Dismiss on February 13, 2023.[7] Within the Motion, Defendants jointly move to dismiss the case for lack of subject matter jurisdiction under federal Rule 12(b)(1).[8] Defendant IMC also moves to dismiss a number of Plaintiffs' claims against it for failure to state a claim under Rule 12(b)(6).[9] Plaintiffs filed their Response on March 6, 2023.[10] The Motion is now ripe for the Court's review.

---

[2] Compl., ECF No. 1.
[3] Defs.' Orig. Mot., ECF No. 7.
[4] Pls.' Orig. Resp., ECF No. 9.
[5] Pls. Orig. Reply, ECF No. 10.
[6] *See* Pls.' Am. Compl., ECF No. 8.
[7] Defs.' Joint Motion to Dismiss, ECF No. 13.
[8] *Id.* at 8–9.
[9] *Id.* at 5–8.
[10] Pls.' Resp., ECF No. 21.

## II.     Legal Standards

### A.  12(b)(1) Motion to Dismiss

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a party to move for dismissal based on lack of subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). If a federal court lacks subject matter jurisdiction, it must dismiss the complaint. FED. R. CIV. P. 12(h)(3). The burden of proof in establishing subject matter jurisdiction is on the party attempting to bring their case into federal court. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *McDaniel v. United States*, 899 F. Supp. 305, 307 (E.D. Tex. 1995)). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *CleanCOALition v. TXU Power*, 536 F.3d 469, 473 (5th Cir. 2008) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)).

"A federal district court may exercise original jurisdiction over any civil action that either satisfies diversity requirements or that arises under the federal constitution, statutes, or treaties— commonly referred to as 'federal question' jurisdiction." *Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, 258-59 (5th Cir. 2014) (citing 28 U.S.C. §§ 1331, 1332, and 1369). Diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332.

### B.  12(b)(6) Motion to Dismiss

Federal Rule of Civil Procedure 8(a) requires a plaintiff's pleading to include "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). If

a plaintiff fails to satisfy Rule 8(a), the defendant may file a motion to dismiss the plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6).

To defeat a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must have pleaded "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (quoting *Twombly*, 550 U.S. at 557) (internal quotes omitted).

In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678-79. "When there are well-pleaded factual allegations, [the] [C]ourt should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679. "Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citations and internal quotation marks omitted).

4

### III.    Analysis

### A.  Rule 12(b)(1) Motion to Dismiss

Defendants jointly contend that this case must be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1). Incorporating arguments from their original reply in relation to their prior, now-mooted motion to dismiss, Defendants specifically allege that Plaintiffs fail to sufficiently plead that the amount in controversy is met.[11] When a plaintiff's complaint does not allege a specific amount of damages, the plaintiff must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000 in order to establish jurisdiction. *See Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002). In such a situation, the party showing that jurisdiction is proper may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) "by setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). First, jurisdiction is proper if it is facially apparent from the complaint that the claims will likely exceed $75,000. *Id*. When considering the face of the complaint, courts in the Fifth Circuit have held that conclusory allegations and vague claims of damages are insufficient. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 851 (5th Cir. 1999).

Second, if the amount in controversy is not facially apparent from the face of the complaint, the plaintiff may support federal jurisdiction by proving by a preponderance of the evidence that the amount in controversy exceeds $75,000. *St. Paul Reinsurance Co., Ltd v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). During this jurisdictional analysis, the court may consider "'summary judgment-type evidence' to ascertain the amount in controversy." *Id*. The court may also consider

---

[11] Defendants incorporate the arguments from their original reply into the current Motion to Dismiss and attach it to the Motion as Exhibit 1. Defs.' Joint Mot. to Dismiss ¶¶ 2, 20–22, Ex. 1, ECF No. 13.

pleadings or affidavits submitted by the party invoking jurisdiction for the purpose of clarifying the amount in controversy. *Allen*, 63 F.3d at 1335. "Once sufficient evidence is produced to establish that the amount in controversy likely exceeds $75,000.00," the Court "may not decline to exercise federal diversity jurisdiction unless it appears 'to a legal certainty that the claim is really for less than the jurisdictional amount.'" *See Shiloh Enters., Inc. v. Cleveland Imaging and Surgical Hosp., LLC.*, No. 1:07-cv-00588, 2007 WL 9724995, at *3 (E.D. Tex. Dec. 13, 2007) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

Here, Plaintiffs' Amended Complaint alleges that Hann's claim is "in excess of $75,000 based upon his medical treatment and complications from the collision."[12] Plaintiffs claim the expenses in excess of $75,000 stem from Hann's ambulance trip, both Plaintiffs' visits to the emergency room, the diagnostic tests Hann received, Hann's subsequent hospitalization for two days, the total loss of Hann's truck, and $3,800 incurred in rental car fees.[13] As a result of these allegations, Plaintiffs claim they both have suffered past and future medical expenses, past and future pain and suffering, past and future mental pain and suffering resulting from the collision and physical injuries that resulted, and property damage from the total loss of Hann's truck and rental car expenses.[14] While the Plaintiffs claim in the Amended Complaint that these damages exceed $75,000, the Court does not consider conclusory or vague allegations, and the case law is not clear whether these allegations meet the facially apparent standard. *Simon*, 193 F.3d at 851.

However, the Court need not resolve whether the claim meets the facially apparent standard because the second prong clearly establishes this Court's jurisdiction. Plaintiff Hann has submitted an affidavit wherein he states he has incurred medical expenses in excess of $257,000, which

---

[12] Pls.' Am. Compl. ¶ 18, ECF No. 8.
[13] *Id.* at ¶¶ 17-19, 37.
[14] *Id.* at ¶ 37.

resulted from the collision, along with the total loss of his truck totaling $36,000 as well as $3,800 in rental car expenses.[15] Thus, this Court finds that Plaintiff has shown by a preponderance of the evidence that the amount in controversy satisfies the statutory requirement. Furthermore, Defendants fail to argue or provide any evidence that demonstrates to a "legal certainty" that the amount in controversy does not exceed the requisite amount.[16] Accordingly, Defendants' Joint Motion to Dismiss for lack of subject matter jurisdiction is **DENIED**.

### B. Rule 12(b)(6) Motions to Dismiss

#### 1. Negligent Entrustment

Defendant IMC next moves to dismiss Plaintiffs' negligent entrustment claim for failure to state a claim under rule 12(b)(6).[17] Under Texas law, a negligent entrustment claim requires the plaintiff to demonstrate that: (1) the defendant entrusted the vehicle to a driver; (2) the driver was unlicensed, incompetent, or reckless; (3) at the time of the entrustment, the defendant "knew or should have known that [the driver] was an unlicensed, incompetent, or reckless driver"; (4) the driver was "negligent on the occasion in question"; and (5) the driver's negligence proximately caused the collision. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 758 (Tex. 2007). A claim for negligent entrustment cannot stand if the defendant's negligence "did no more than furnish a condition which made the injury possible." *TXI Transp. Co. v. Hughes*, 306 S.W.3d 230, 241 (Tex. 2010) (internal citation omitted).

In Texas, a driver possessing a valid driver's license is presumed to be a competent driver. *Batte v. Hendricks*, 137 S.W.3d 790, 791 (Tex. App.—Dallas, July 19, 2004). When alleging

---

[15] Pls.' Resp., Ex. A, ECF No. 21-1.

[16] In fact, in Defendants' original reply to Plaintiffs' original response (in relation to the prior now-mooted motion to dismiss), Defendants acknowledge that all Plaintiffs had to do was "[p]rovide an affidavit proving that at least one Plaintiff incurred medical charges or otherwise incurred damages in excess of $75,000.00." Plaintiff Hann has done so accordingly. Defs.' Mot. to Dismiss, Ex. 1 ¶ 3, ECF No. 10.

[17] Defs.' Joint Mot. to Dismiss ¶¶ 12–19, ECF No. 13

recklessness or incompetence, Plaintiff may point to previous traffic violations or other past events that suggest that the driver was incompetent at the time of entrustment. *Revisore v. West*, 450 S.W.2d 361, 364 (5th Cir. 1970). However, "an owner of a vehicle does not have an affirmative duty to investigate the background of a driver before permitting him to drive the vehicle, when, as in this case, the record shows and it is undisputed, that the driver had a valid driver's license." *Kilpatrick v. Vasquez*, No. 01-09-00731-CV, 2011 WL 1233468, at *4 (Tex. App.—Houston [1st Dist.], March 31, 2011).

In the Motion to Dismiss, IMC claims that Plaintiffs failed to allege any facts that suggest that Coleman was unlicensed at the time of entrustment, that Coleman was a reckless or incompetent driver, or that IMC knew of such recklessness or incompetence at the time of entrustment.[18] In response, Plaintiffs claim that they do not have to marshal evidence of a history of recklessness or incompetence at the pleading stage or that the defendant knew or had reason to know of such a history.[19] Instead, Plaintiffs claim they "must simply allege that the driver was unlicensed, incompetent, or reckless and that the defendant knew or had reason to know of such."[20]

In making this claim, Plaintiffs cite *Whittington v. Price,* where the court denied a motion to dismiss because the plaintiff sufficiently pleaded the elements of a negligent entrustment claim. No. 2:18-CV-178-BR, 2020 WL 13443359, at *2 (N.D. Tex. Mar. 12, 2020). *Whittington* is not applicable to this case, however, because the defendant in *Whittington* was moving to dismiss solely on the grounds that negligent entrustment was impossible because the entrusted party was a co-owner of the vehicle involved in the collision. *Id.* There, the court found that the entrusted party's supposed co-ownership of the vehicle did not preclude them from being entrusted with it.

---

[18] Defs.' Joint Mot. to Dismiss ¶ 14, ECF No. 13.
[19] Pls.' Resp. ¶ 22, ECF No. 21.
[20] *Id.*

8

*Id.* Here, unlike in *Whittington*, IMC moves to dismiss on the grounds that Plaintiffs have failed to sufficiently allege facts that suggest that Coleman was incompetent or reckless, and that IMC was aware of the incompetence or recklessness.[21]

Plaintiffs' response further points to paragraph thirty-five of their Amended Complaint where they claim that IMC knew or should have known that Coleman was incompetent or reckless because IMC "did not provide adequate training to Defendant Coleman on how to make a safe left-hand turn nor did it verify that Defendant Coleman was sufficiently knowledgeable about how to make a safe left-hand turn."[22] Plaintiffs argue that their allegations of IMC's failure to train Coleman are sufficient factual allegations in support of elements two and three of a negligent entrustment claim to survive a 12(b)(6) motion.[23] Plaintiffs have failed to cite any case law or authority in support of this contention.

This Court holds that Plaintiffs' factual allegation of IMC's failure to train Coleman on how to make a left-hand turn is insufficient to support a claim of negligent entrustment. The only allegations Plaintiffs have made in support of elements two and three are that IMC failed to train Coleman and ensure he was a safe driver.[24] Beyond that, Plaintiffs have failed to make any allegations that Coleman was unlicensed or any allegations regarding Coleman's driving history that would have put IMC on notice of any recklessness or incompetence. Because a valid driver's license creates a presumption of competence, and because there is no duty on IMC to investigate an employee when it is undisputed that he has a valid driver's license, Plaintiffs have failed to sufficiently allege facts that support elements two and three of their negligent entrustment claim. Thus, the Court **GRANTS** IMC's Motion to Dismiss regarding the negligent entrustment claim.

---

[21] Defs.' Joint Mot. to Dismiss ¶ 14, ECF No. 13.
[22] Pls.' Resp. ¶ 23, ECF No. 21 (quoting Pls.' Am. Compl. ¶ 35, ECF No. 8).
[23] *Id.* at. ¶ 24.
[24] Pls.' Am. Compl. ¶ 35, ECF No. 8.

### 2. Negligent Hiring, Training, and Supervision

Lastly, Defendant IMC moves to dismiss Plaintiffs' negligent hiring, training, and supervision claims under rule 12(b)(6).[25] Texas civil courts have carved out separate negligence causes of action other than negligent entrustment, including negligent hiring, training, and supervision. *See Brown v. McClure*, No. 01-19-00504-CV, 2021 Tex. App. LEXIS 10145 at *21 n.13, 2021 WL 6119990, at *8 n.13 (Tex. App.—Houston [1st Dist.] Dec. 28, 2021, no pet.) (mem. op.).

First, for a negligent hiring claim, a plaintiff must plead facts about the employee that could be found in a background check that would deter a reasonable employer from hiring them or put a reasonable employer on notice that the employee would pose a risk to the public. *TXI Transp. Co. v. Hughes*, 306 S.W.3d 230, 240 (Tex. 2010). Next, for a negligent training claim, Plaintiff must allege that "a reasonably prudent employer would have provided training beyond which was given, and that the failure to do so proximately caused Plaintiff's injuries." *Cobos v. Bluefin Water Sols., LLC*, PE:21-CV-00072-DC-DF, 2022 WL 847235, at *4 (W.D. Tex. Mar. 22, 2022) (quoting *JBS Carriers, Inc. v. Washington*, 564 S.W.3d 830, 842 (Tex. 2018) (internal quotation marks omitted)). Lastly, in a negligent supervision claim, a plaintiff must allege facts that suggest that "(1) the defendant owed him a legal duty to supervise its employees, (2) the employer breached the duty, and (3) the breach proximately caused the plaintiff's injuries." *Brown v. McClure*, No. 01-19-00504-CV, 2021 WL 6119990, at *8 (Tex. App.—Houston [1st Dist.] Dec. 28, 2021, no pet.). Accordingly, the plaintiff must allege that the employer's failure to properly supervise their employee was the cause of the plaintiff's injuries. *Dangerfield v. Ormsby*, 264 S.W.3d 904, 913 (Tex. App.—Fort Worth 2008, no pet.).

---

[25] Defs.' Joint Mot. to Dismiss ¶¶ 16–19, ECF No. 13.

Here, the Court finds that Plaintiffs' allegations in their Amended Complaint of negligent hiring, training, and supervision are inadequate. First, Plaintiffs fail to allege any facts about Defendant Coleman that could have been found in a background check that would have caused a reasonable employer to refrain from hiring Coleman or shown he was a risk of harm to the public. Plaintiffs have made no allegations regarding whether Coleman was properly licensed. They have pleaded no allegations regarding Coleman's driving history that would cause a reasonable employer to reject Coleman's Job application. Thus, the Amended Complaint does not state a plausible claim for relief on Plaintiffs' negligent hiring claim.

Next, Plaintiffs fail to allege any facts that would cause a reasonably prudent employer to provide training beyond what Coleman was given. Plaintiffs have only alleged that Coleman was not sufficiently trained by IMC "as is evident by their employee pulling out from a stop sign and attempting to turn left."[26] Plaintiffs fail to point to any conduct before the accident occurred that would denote to a reasonably prudent employer that further training was necessary and instead seemingly attempt to impose a strict liability-like standard on IMC while providing no support for where this standard originates. Thus, the Amended Complaint does not state a plausible claim for relief on Plaintiffs' negligent training claim.

Lastly, Plaintiffs fail to allege any minimal or additional supervisory measures that IMC should have taken to ensure that Coleman would not have made the erroneous left-hand turn. Instead, Plaintiffs only alludes to IMC's supervision of Coleman when they are making the general complaint of negligent supervision. This is insufficient, and Plaintiffs' negligent supervision claim thus fails.

---

[26] Pls.' Am. Compl. ¶ 34, ECF No. 8.

Accordingly, because Plaintiff has failed to allege the necessary facts for a negligent hiring, training, and supervising claim, this Court hereby **GRANTS** Defendants' Motion to Dismiss regarding the negligent hiring, supervising, and training claim.

## IV.   Conclusion

After reviewing the briefing, relevant law, and applicable facts, the Court holds that Defendants' Motion to Dismiss is **GRANTED** in part and **DENIED** in part. Specifically, the Court **DENIES** Defendants' Joint 12(b)(1) Motion to Dismiss for lack of subject matter jurisdiction and **GRANTS** Defendant IMC Waste Disposal, Inc.'s Rule 12(b)(6) Motion to Dismiss regarding the negligent entrustment claim and the negligent hiring, training, and supervision claims. Thus, the remaining claims are: (1) a general negligence claim against Coleman for operation of the vehicle,[27] (2) negligence per se claims against both Coleman and IMC for violations of various statutes,[28] and (3) a claim of *respondeat superior* liability against IMC based on Coleman's conduct.[29]

**SO ORDERED** this **27th** day of **June, 2023**.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

---

[27] Pls.' Am. Compl. ¶¶ 7, 21, ECF No. 8.
[28] *Id.* at ¶¶ 22-23
[29] *Id.* at ¶¶ 7, 20-27